

ORIGINAL

1  Nicholas P. Roxborough, Esq. (SBN 113540)
   npr@rpnalaw.com
2  Erin M. LaBrache, Esq. (SBN 195655)
   eml@rpnalaw.com
3  ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
   5820 Canoga Avenue, Suite 250
4  Woodland Hills, California 91367
   Telephone:  (818) 992-9999
5
   Attorneys for Plaintiffs
6  Barone-Tanamera Condominiums, LLC, dba
   The Resort at Tanamera and
7  Barone Capital Fund VII, LLC

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  Barone -Tanamera Condominiums,        Case No.
    dba The Resort at Tanamera,  a        10 CV 0132BEN    BLM
12  Limited Liability Corporation and
    Barone Capital Fund VII, a Limited    COMPLAINT FOR:
13  Liability Corporation,
                                          1.   PROFESSIONAL
14              Plaintiffs,                    NEGLIGENCE;
                                          2.   NEGLIGENT
15                                             MISREPRESENTATION;
    vs.                                        AND
16                                        3.   BREACH OF FIDUCIARY
                                               DUTY
17
    Willis of Arizona, Inc., an Arizona   DEMAND FOR JURY TRIAL
18  Corporation, and DOES 1 through 50,
    Inclusive
19              Defendants.

20

21

22

23

24

25

26

27

28

                              1
                          COMPLAINT

FILED

JAN 19 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY



1.     Plaintiffs allege on information and belief that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs further allege on information and belief that there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.     Plaintiffs allege on information and belief that this Court has personal jurisdiction over Defendant inasmuch as Defendant, at all times relevant, repeatedly transacted insurance business in the State of California and within the geographical jurisdiction of the United States District Court for the Southern District of California.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) because Plaintiffs maintain their principal place of business in this District and in the State of California.

4.     In the alternative, venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because, on information and belief, a substantial part of the events giving rise to the claims at issue in this action occurred in this District.

## THE PARTIES

5.     Plaintiff Barone-Tanamera Condominiums, LLC, dba The Resort at Tanamera ("Barone-Tanamera"), is a limited liability corporation organized and existing under the laws of Nevada, with its principal place of business in San Diego, California.  In 2006, Barone-Tanamera began renovations on the The Resort at Tanamera also referred to as Tanamera Condominium Homes, a residential condominium project in Reno, Nevada (the "Tanamera Project").

6.     Plaintiff Barone-Capital Fund VII, LLC, ("Barone-Capital") is a limited liability corporation organized and existing under the laws of Nevada, with its principal place of business in San Diego, California.  Barone-Capital is the majority shareholder of Barone-Tanamera and was at all times herein responsible for securing and paying for all lines of insurance for the Tanamera Project.

1  (Barone-Tanamera and Barone-Capital shall collectively be referred to herein as

2  "Plaintiffs" or "Barone").

3      7.    Barone is informed and believes and thereon alleges that defendant,

4  Willis of Arizona, Inc., ("Willis") is an Arizona corporation authorized to conduct

5  and conducting business in the State of California, and is, and at all times relevant

6  to this action was, conducting business in the State of California, County of San

7  Diego.  Willis is an insurance brokerage firm that, at all relevant times, had an

8  agreement with Barone to provide insurance brokerage services and advice,

9  including services in connection with the Tanamera Project.

10      8.    Except as otherwise alleged, Barone is not currently aware of the true

11  names and capacities of the Defendants designated herein as DOES 1 through 50,

12  inclusive.  As such, Barone will hereafter seek leave of court to amend this

13  Complaint in order to allege the true names and capacities of each such Defendant

14  when such information is ascertained.

15      9.    Barone is informed and believes and thereon alleges that at all times

16  herein mentioned Willis and DOES 1 through 50, inclusive (hereinafter jointly

17  referred to as "Defendants" unless specified otherwise), are each responsible in

18  some manner for the transactions, events and occurrences herein alleged and that

19  damages herein alleged were proximately caused thereby.

20      10.    Barone is informed and believes and thereon alleges that at all times

21  herein mentioned, Defendants, and each of them, were the agents, joint venturers,

22  trustees, servants, partners, alter-egos, parent corporations, subsidiaries, affiliates,

23  contractors, and/or employees of each of the remaining Defendants, and that the

24  acts and/or omissions herein alleged were done by them, acting individually,

25  through such capacity or through the scope of their authority, and that said conduct

26  was thereafter ratified by the remaining Defendants.

27  ///

28  ///

# BACKGROUND

11.    In or about late 2005, Barone sought to obtain various forms of insurance in anticipation of beginning work on the Tanamera Project, including: property, general liability, excess liability, directors & offices liability, builders risk, general liability – wrap up and workers compensation.

12.    Barone turned to Willis to obtain the needed policies.  Willis advertises itself as a full service insurance broker, possessing "state-of-the-art market knowledge and expertise."  On its website, Willis touts itself as "Specialists" stating: "Willis specializes in risk management and reinsurance, concentrating solely on broker, risk management and consulting, to provide the solid service and high level of expertise your business demands. What's more, we're constantly striving to improve our offerings — from state-of-the-art product solutions, to efficient claims processing."

13.    Willis further promotes its commitment to providing its clients with "world-class client service."  Willis advertises "Willis Values" which it states are attitudes and behaviors it believes are central to delivering world-class client service.  Willis represents: "There are five core values that are at the heart of everything we do:

Partnership: We will work in partnership with clients, and through teamwork and collaboration we will gain an understanding and provide value to your bottom-line.

Innovation: We strive to be innovative in how we think and what we do. Creativity and flexibility are central to our commitment to quality and excellence in all we do.

Integrity: We will act with integrity at all times and build relationships based on trust and openness.

Accountability: We have individual responsibility and clear accountability for all our actions.

Communication: We settle for nothing less than open and honest communication with clients and colleagues around the world.

It's The Willis Way."

14.     Further, Willis maintains a Global Policy Manual which is accessible to its clients on its website.  The Global Policy Manual describes Willis' commitment to its clients and prospects.  It states, in pertinent part:

"Willis has adopted a Client Bill of Rights which is our commitment to upholding the highest standards of integrity in our industry and how we deliver the Willis Value Experience.  In summary, Associates should act in good faith and in the interests of our clients at all times, when providing services.  Generally Associates should be transparent in their dealings particularly about the compensation received for services provided to clients and … Associates should not: …  Misrepresent in any way the cost of the product and/or any services provided to the client.

15.     On or about October 13, 2005, John Sanborn and Paul Becker, on behalf of Barone, and Perry Vandenberg, on behalf of Willis, met to discuss Barone's insurance needs and conversely, Willis' insurance services.  Mr. Vandenberg's representations and/or statements led Barone to believe Willis was an expert in providing risk and insurance services for projects such as the Tanamera Project Plaintiff was to construct.

16.     Based on the represented expertise of Willis, Barone utilized Willis to act as its broker and/or fiduciary in obtaining the necessary insurance policies for the Tanamera Project, and followed the advice of Willis in how to insure the project with the insurance policies and insurance companies Willis recommended, and relied upon Willis for risk management.

17.     Shortly after the above referenced meeting, Willis provided Barone with a Final Proposal, setting forth the insurance policies to be provided to cover the various risks.  A true and correct copy of the Final Proposal is attached hereto

1 | as Exhibit "A".

2 |     18.    Contained within the Final Proposal is an explanation of the Wrap Up

3 | – General Liability policy ("Wrap-Up Policy") and associated coverages,

4 | exclusions, endorsements and rates included in the insurance package. The Final

5 | Proposal stated that the Wrap-Up would be placed with Arch Specialty Insurance

6 | Company.

7 |     19.    The Final Proposal also contains a section entitled "Important –

8 | Premium Information."  In that section, the Proposal advises that the general

9 | liability and automobile premiums may increase or decrease subject to an annual

10 | audit and adjustment based upon the rating plan of the policy.  It also advises that

11 | the workers' compensation premiums are subject to annual audit and adjustment

12 | which may result in an increase or decrease of the annual premium   It states: "the

13 | adjustment will be based upon the actual payroll and other variables such as the

14 | rules, rates, classification, and experience modification." There is nothing in this

15 | section regarding the Wrap-Up Policy premium.

16 |     20.    Had the Wrap-Up Policy been subject to an adjustment affecting its

17 | premium, Barone expected that the subject terms would be contained in the

18 | "Important – Premium Information" section along with the disclosures referenced

19 | in the preceding paragraph.  Because this section did not disclose any potential

20 | increase or adjustment to the premium for the Wrap-Up Policy, Barone was led to

21 | believe and in fact did believe that the premium would remain fixed.

22 |     21.    Had the Wrap-Up Policy been subject to an adjustment affecting its

23 | premium, Barone would have expected that Willis would have disclosed the

24 | possibility in written communications.  No such advice was provided.

25 |     22.    In reliance on the terms as described in the Final Proposal, Barone

26 | elected to obtain the Wrap-Up Policy with Arch, Policy No. GAC001348000, for

27 | the policy term 2/23/06 through 2/23/07.  The Policy was placed by Willis.  Barone

28 | was billed monthly for the Wrap-Up Policy and paid a total of $1,850,000 over the

1  course of the year.  The Wrap-Up Policy term was thereafter extended to cover the

2  duration of construction of the Tanamera Project.  No additional premium was

3  assessed for extending the period term.

4      23.    Barone is informed and believes and thereon alleges that Willis

5  received $74,000 in commission (4% of $1,850,000) for placing the Wrap-Up

6  Policy with Arch plus charged another $100,000 for the placement of owner

7  controlled insurance program ("OCIP").  There was also an additional fee of

8  $65,620 paid to the wholesale broker who was the intermediary broker placing the

9  program with Arch.  The total commissions paid by Barone for the OCIP is

10  approximately $240,000.

11      24.    In or about late 2008, early 2009, Barone was advised by its current

12  Risk Management Firm, Lockton Insurance Brokers of Los Angeles ("Lockton"),

13  that Arch had audited the Tanamera Project and assessed $616,670 in additional

14  premium plus $130,081 in taxes and fees for a total due of $746,751.  The

15  additional premium was reportedly assessed as a result of the Tanamera Project

16  exceeding the estimated $3,000,000 in construction cost by approximately

17  $1,000,000 in improvements.

18      25.    Barone was completely taken by surprise by the assessment of

19  additional premium on Wrap-Up Policy.  Barone relied on Willis, as the insurance

20  expert, to advise it of all material terms regarding premium on the Wrap-Up

21  Policy.  Willis never advised Barone either orally or by way of the Final Proposal

22  (or other written form) that if it spent more than $3,000,000 on improvement work,

23  it would be charged additional premium.

24      26.    Had Willis advised Barone that additional premium would be assessed

25  if it exceeded the estimated project cost, Barone would looked for a less expensive

26  Wrap-Up Policy and/or would have limited the improvements made on the

27  Tanamera Project in order to keep the project cost at or below $3,000,000.  By way

28  of example, Barone could have reduced project costs by offering the improvements

1  to potential condominium owners as upgrades instead of built-in features.

2      27.    On or about February, 2009, Lockton was able to negotiate with Arch
3  a reduction of the outstanding additional premium to $350,000, plus $73,832 in
4  taxes for a total of $423,832.  Arch also amended the exposure on the policy to
5  $4,600,000 of construction cost in order to avoid a further premium increase.

6      28.    Arch nevertheless required Barone to pay the additional $423,832 in
7  premium.  Barone has paid all additional premium due under the Wrap-Up Policy.
8  In addition, Barone paid an additional $12,808 in finance charges as a result of the
9  additional premium assessed.

10     29.    On July 7, 2009, Barone wrote to KJ Wagner, President & CEO of
11 Willis, advising him of the additional premium and explaining that Willis had
12 never disclosed that the Wrap-Up Policy was subject to additional premium if the
13 estimated construction costs exceeded $3,000,000.  Barone further asked Willis to
14 provide proof as to the fees Willis earned on the account and reimburse Barone for
15 the unexpected shortage.  (A true and correct copy of the letter is attached hereto as
16 Exhibit B).

17     30.    On August 11, 2009, Kelly Smits, legal counsel for Willis responded
18 to Barone's July 7, 2009 letter.  Ms. Smits stated that she was investigating the
19 matter and would get back to Barone soon.  (A true and correct copy of the letter is
20 attached hereto as Exhibit C).

21     31.    Contrary to its representations regarding its commitment to its clients
22 as described in paragraphs 11-13 above, by October 8, 2009, Barone still had not
23 received a response from Ms. Smits.  Therefore, Barone, through their legal
24 counsel, sent a second letter to Ms. Smits reiterating its position that Willis should
25 reimburse Barone for the additional premium incurred.  (A true and correct copy of
26 the letter is attached hereto as Exhibit D).

27 ///
28 ///

32.   Ms. Smits, or a Willis representative, did not respond to the October 8, 2009 letter.  Barone, by and through their legal counsel, sent a third letter was sent to Willis on October 22, 2009.  (A true and correct copy of the letter is attached hereto as Exhibit E).  To date, Willis has failed to live up to its promise to provide "unparalleled claims assistance" and has not responded to Barone's requests for information and reimbursement.

33.   Willis failed and neglected to exercise reasonable skill and care in performing its duties by failing to advise or disclose to Barone the possibility of an additional fee.

### FIRST CAUSE OF ACTION

(Professional Negligence – Against Willis)

34.   Barone realleges and incorporates by this reference Paragraphs 1-33 as though fully set forth herein.

35.   At all times relevant hereto, Willis was Barone's insurance broker and risk service manager with regard to Barone's insurance policies issued to cover the Tanamera Project.

36.   Based thereon, Willis owed Barone a special duty of care, skill and diligence with respect to areas of insurance and risk management in which Willis claimed to have or held itself out as having particular experience or expertise.

37.   Willis breached its duty of due care and/or reasonable care to Barone by misrepresenting the actual cost of the policy and omitting that the Wrap-Up Policy would be subject to additional premium if the actual project cost exceeded the estimated $3,000,000 cost.  Willis mislead Barone into believing that the Wrap-Up Policy premium was fixed by failing to disclose the adjustment in the Final Proposal or otherwise.

38.   Barone understood that all policies that were subject to an increase or decrease in annual premium were listed in section IV of the Final Proposal, entitled "Important-Premium Information."  Willis breached its duty of care by failing to

1   include in this section the possibility that Barone would incur an additional
2   premium on the Wrap-Up Policy if the actual costs exceeded the estimated project
3   costs.

4       39.    Barone was further led to believe that the premium on the Wrap-Up
5   Policy was fixed because Willis never advised Barone orally that the premium was
6   subject to an additional audit based upon construction costs.  Because there was no
7   oral disclosure, Barone was led to believe and in fact did believe that the premium
8   would remain fixed.

9       40.    It was reasonably foreseeable that Willis' acts and/or omissions would
10   cause Barone harm and/or damages.  Willis' acts and/or omissions were the
11   proximate cause of Barone's damages.

12       41.    As a proximate and/or legal result of Defendants' breach of duties of
13   care, skill and diligence, Barone has suffered damages in excess of $436,000, plus
14   interest, an exact amount to be proven at trial.

15   ## SECOND CAUSE OF ACTION
16   ### (Negligent Misrepresentation - Against Willis)

17       42.    Barone incorporates paragraphs 1 through 41 of this Complaint as
18   though fully set forth herein.

19       43.    Throughout the course of its activities in connection with the
20   Tanamera Project, Willis represented to Barone that it had the qualifications,
21   experience and expertise and ability to provide or procure the insurance needed for
22   the Tanamera Project on favorable terms for Barone.  Barone relied on Willis'
23   representations and depended on Willis to advise it of premium contingencies
24   contained in the various policies.

25       44.    In connection with the parties' discussions leading up to and
26   following the execution of the Wrap-Up Policy, Willis, as alleged above, failed to
27   disclose that if the Tanamera Project cost exceeded $3,000,000, the associated
28   premium would increase.

45.    Had the Wrap-Up Policy coverage been subject to an adjustment affecting its premium, Barone expected that the subject terms would be contained in the "Important – Premium Information" section along with the disclosures referenced in the preceding paragraph.  Because this section did not disclose any potential increase or adjustment to the premium for the Wrap-Up Policy, Barone was led to believe and in fact did believe that the premium would remain fixed.

46.    Barone was further led to believe that the premium on the Wrap-Up Policy was fixed because Willis never advised Barone orally that the premium was subject to an additional audit based upon construction costs.  Because there was no oral disclosure, Barone was led to believe and in fact did believe that the premium would remain fixed.

47.    In reasonable reliance on Willis' representations both orally and in the Final Proposal, Barone entered into the Wrap-Up Policy with Arch.

48.    At the time that it made the above-described representation and/or omission, Willis did not possess reasonable grounds to believe that the representation was an adequate disclosure of the true facts regarding the policy terms.  In the exercise of reasonable care and due diligence, Willis should have known that the representations were materially untrue, incomplete, false and misleading.  Willis made the representations negligently, without knowing or having reasonable grounds for believing whether they were true or false.

49.    In agreeing to purchase the Wrap-Up Policy, Barone reasonably and justifiably relied upon its understanding of the facts and circumstances it knew or believed to exist at the time.  Absent Willis's negligent misrepresentation, and failure to fully and fairly disclose, the above-described material facts, Barone would not have purchased the Wrap-Up Policy from Arch and/or would have ensured that the cost of the project did not exceed $3,000,000.

///

///

50.    In or about late 2008, early 2009, Barone learned for the first time that the Wrap-Up Policy premium was contingent on the project cost staying at or below $3,000,000 from Lockton.  Lockton further advised that Arch had audited the Project and assessed $616,670 in additional premium plus $130,081 in taxes and fees for a total due of $746,751.  The additional premium was reportedly assessed as a result of the Tanamera Project exceeding the estimated $3,000,000 in construction cost by approximately $1,000,000 in improvements.

51.    As a direct and proximate result of Willis's misrepresentation, and failure to fully and fairly to disclose the above-described material facts, Barone has suffered damages in excess of $436,000, plus interest, an exact amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (For Breach of Fiduciary Duty – Against Willis)

52.    Plaintiff realleges and incorporates by this reference Paragraphs 1-51.

53.    Barone and Willis had a fiduciary relationship by which Barone placed its trust in Willis based on the representations made by Willis being experts. Willis concealed from Barone its true abilities or lack thereof in this field of insurance and risk management.

54.    Based on the special relationship, Willis is held to a higher standard of care, which they breached by their failures as identified in Paragraphs 16-25 and 28-32, above.

55.    Willis presented a Final Proposal which it represented to be an accurate detail of the various insurance coverages offered to Barone.  Barone is informed and believes and thereon alleges, that Willis failed to advise Barone that the Wrap-Up Policy was subject to a potential increase in premium in order to drive up the fees that it would receive. By failing to advise that the Wrap-Up Policy was subject to additional premium if Barone exceeded $3,000,000 in construction costs in the Final Proposal (or otherwise), Willis acted maliciously,

oppressively and in conscious disregard of Plaintiff's rights. As a result, Barone is entitled to an award of punitive or exemplary damages.

56.     As a proximate and/or legal result of Defendants' breach of fiduciary duty, Barone has suffered damages in excess of $436,000, plus interest, an exact amount to be proven at trial.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment on the Complaint as follows:

1.     For compensatory damages, according to proof at trial, in an amount in excess of the minimum jurisdictional limit of this court;

2.     For disgorgement of all insurance commissions, and other sums of any nature wrongfully acquired or retained by Willis;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem just and proper.

DATED: January 14, 2010         ROXBOROUGH, POMERANCE, NYE &
                                ADREANI LLP


                        BY: *Erin LaBrache*
                            NICHOLAS P. ROXBOROUGH
                            ERIN M. LaBRACHE
                            Attorneys for Plaintiffs,
                            Barone-Tanamera Condominiums, LLC, dba
                            The Resort at Tanamera and Barone Capital
                            Fund VII, LLC

## DEMAND FOR JURY TRIAL

Plaintiff Barone-Tanamera Condominiums, LLC, dba The Resort at Tanamera and Barone Capital Fund VII, LLC hereby demand a jury trial pursuant to FRCP Rule 38 on all issues so triable.

DATED:  January 14, 2010

ROXBOROUGH, POMERANCE, NYE & ADREANI

By: *Erin LaBrache*

NICHOLAS P. ROXBOROUGH
ERIN M. LaBRACHE
Attorneys for Plaintiffs,
Barone-Tanamera Condominiums, LLC, dba The Resort at Tanamera and Barone Capital Fund VII, LLC

COMPLAINT

**EXHIBIT A**

# EXHIBIT "A"

# BARONE CAPITAL FUND VII, LLC
# DBA TANAMERA CONDOMINIUM HOMES

## FINAL PROPOSAL

**Workers Compensation**
**Effective: 02/17/06 – 02/16/07**

**Property, General Liability, Excess Liability,**
**Directors & Officers Liability & Builders Risk,**
**Effective: 02/23/06 – 02/23/07**

**Wrap – Up**
**Effective: 02/28/06 – 02/28/07**

Presented by:
## Willis of Arizona, Inc.

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

Table of Contents

Section I       Introduction

Section II      Client Services

Section III     Coverage Summary

Section IV      Payment Plan

Section V       Client Consent to Compensation

Willis

# Introduction

Willis

# Barone Capital Fund VII, LLC
## dba Tanamera Condominium Homes

*Introduction*

This Final Proposal confirms coverage to be provided by the policy numbers listed below and is subject to all the terms and conditions of the insurance policies to be issued to you by the respective insurance carriers. This Final Proposal does not change or amend the terms or conditions of your coverage in any way. The descriptions of coverage and listings of exclusions or limitations of coverage contained in this document are for illustrative purposes only. Please refer to the policy for complete information.

We urge you to read this document carefully to confirm that it accurately reflects the coverage, conditions, limits, and other terms that you require. If the coverage and terms do not accord with your instructions or are unclear to you, please let us know immediately.

| Coverage: | Carrier: | Policy Number: | Effective |
|---|---|---|---|
| Property / Inland Marine | The Charter Oak Fire Ins. Co. – St. Paul Travelers | Y6305062C364TIL06 | 02/23/06 |
| General Liability | Colony Insurance Company (Non - Admitted) | GL163679 | 02/23/06 |
| Workers Compensation | Employers Insurance Company of Nevada | NWC409B6700 | 02/23/06 |
| Excess Liability ($5M) | Colony Insurance Company (Non – Admitted) | XS160685 | 02/23/06 |
| Excess Liability ($5M xs $5M) | Landmark American Ins. Co. (Non – Admitted) | LHA215883 | 02/23/06 |
| Directors & Officers Liability | Travelers Casualty and Surety Co. of America (St. Paul Travelers) | 104695597 | 02/23/06 |
| General Liability – Wrap Up | Arch Specialty Ins. Co. (Non – Admitted) | GAC001348000 | 02/23/06 |
| Builders Risk | Assurance Company of America (Zurich) | BR63310405 | 02/23/06 |
| Crime | Travelers Casualty & Surety Company of America | 104735703 | 04/25/06 |

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

Willis

# Client Services

Willis

## Barone Capital Fund VII, LLC
## dba Tanamera Condominium Homes

### *Client Services*

Willis is committed to not only meeting your unique business demands, but to exceeding your expectations for a world-class risk management partner.  We know you value:

- a personal relationship with an increased access to your account team
- state-of-the-art market knowledge and expertise
- enhanced claims advocacy
- quicker, more streamlined processes (e.g., claims filing, certificate issuance)

Following is your Willis Service Team:

| Main – 602-787-6000 | Fax – 602-787-8040 | Toll Free – 800-933-6385 |
|---|---|---|
| **Paul Lee**<br>Senior Vice President | • 24 hour on call for losses<br>• Primary Account Responsibility | (602) 787-6286<br>**Mobile – (623) 229-0064**<br>paul.lee@willis.com |
| **Greg Prentice**<br>Executive Vice President | • 24 hour on call for losses<br>• Primary Account Responsibility | (602) 787-6034<br>**Mobile – (602) 819-4423**<br>Greg.prentice@willis.com |
| **Kristin M. Gray, CIC, CISR**<br>Senior Client Manager<br><br>**Ana Ybarra, CISR**<br>Client Manager | • Primary Willis Contact<br>• Facilitator of Willis Resources<br>• Management of Customer Services<br>• Renewal Specifications and Marketing<br>• Maintenance of Policies<br>• Certificates and ID Cards<br>• Policy Changes and Endorsements | (602) 787-6044<br>kristin.gray@willis.com<br><br>(602) 787-6013<br>ana.ybarra@willis.com |
| **John Hoffman**<br>Loss Control/Safety Consultant | • Counsel on hiring and termination<br>• Fleet management of commercial vehicles<br>• HR issues/interviewing and violence in the workplace<br>• Train-the-trainer on loss control and safety issues / liquor liability | (602) 787-6024<br>John.hoffman@willis.com |
| **Brian Adelman**<br>Claims Management | • Development of claim procedures for workers' compensation, property and liability<br>• Reviewing claims activities of insurance companies | (602) 787-6239<br>brian.adelman@willis.com |
| Claims Administration | • First notice on property and casualty claims | 877-883-2678 |
| **David Jensen**<br>david.jensen@willis.com<br>Senior Bond Administrator<br>(602) 787-6022 | | **Thom Lewis, CLU, ChFC**<br>thomas.lewis@willis.com<br>Executive Liaison<br>(602) 787-6035 |

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Client Services*

WILLIS CLAIMS SERVICE

We recognize the significance of an efficient and results-driven claims process and have implemented improvements to claims reporting and client advocacy procedures.

Certain types of claims – routine automobile, general liability and workers' compensation claims – yield faster and more accurate results when reported directly to the carrier. With direct reporting, you make fewer phone calls. Fewer people involved means less chance for error, and carriers can resolve these routine claims more efficiently. If you are already reporting claims directly to your carrier, we want to encourage you to continue. If you are not reporting claims directly, we want to encourage you to begin doing so, to gain the benefits of direct reporting for the lines of business mentioned above.

There are also types of claims – boiler and machinery, property, serious or catastrophic injuries/accidents, claims in litigation, and claims involving specialty coverages (e.g., crime) – where Willis involvement and advocacy yields better claims results for you. In the event of these more complex claims situations, contact the Willis Claims Service Center and a Claims Advocate will begin to address your needs immediately.

We have attached several documents:

- A list of coverages to be directly reported to the carrier or to be reported to Willis, including examples of each;
- Claims reference guides including detailed reporting instructions for property, general liability, automobile and worker's compensation losses. (Note: These are designed to be posted throughout the workplace to assist your supervisors and managers with claims reporting.)
- An insurance coverage summary with line of business and policy information, including loss reporting numbers.

Willis is committed to ensuring you receive unparalleled claims assistance from your insurance carrier, our Claims Advocates in the Claims Service Center, and our Claims Consultants in the field. Efficient and effective claims resolution is an important element in achieving our service goal to you.

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

Willis

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Client Services*

## REPORT TO CARRIER

Automobile

- Collision (with other vehicle, fixed object, or animal)
- Cracked windshields
- Vandalism
- Theft
- Fire or storm-related damage
- Property damage to others
- Bodily injuries due to accident (except for employees injured while working, in this case, report as workers' compensation)

General Liability

- Damage to property of others or injuries to others as a result of your property, operations or products. For example, others slip and fall on your premises or a fire allegedly caused by a part you manufacture

Workers Compensation

- Employees injured on the job
- Occupational diseases due to employment

## REPORT TO WILLIS

Property

- Direct physical damage to building or personal property, including fire, theft, storm or water damage
- Damage to your HVAC or electrical system

Catastrophic or Serious Injuries/ Damage

- Severe property damage
- Severe bodily injury or death
- Any claim with potential to exceed policy limits

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Client Services*

Claims in Litigation

Specialty Coverages

- Lawsuits filed against you, your company, or your employees

- Theft of money by employees (crime)
- Cargo and warehouse losses
- Environmental
- Age, race, sex discrimination
- Wrongful termination and employment discrimination
- Violations of civil rights
- Libel and slander
- Professional malpractice

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

Willis

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Client Services*

| Line of Business | Carrier | Policy Number | Effective Date | Expiration Date | Report Loss To |
|---|---|---|---|---|---|
| Property / Inland Marine | The Charter Oak Fire Ins. Co. – St. Paul Travelers | Y630506 2C364TIL06 | 02/23/06 | 02/23/07 | 1-877-883-2678 |
| General Liability | Colony Insurance Company (Non - Admitted) | GL163679 | 02/23/06 | 02/23/07 | 1-877-883-2678 |
| Workers Compensation | Employers Insurance Company of Nevada | NWC409B6700 | 02/17/2006 | 02/16/2007 | 1-877-883-2678 |
| Excess Liability ($5M) | Colony Insurance Company (Non - Admitted) | XS160685 | 02/23/06 | 02/23/07 | 1-877-883-2678 |
| Excess Liability ($5M xs $5M) | Landmark American Ins. Co. (Non - Admitted) | LHA215883 | 02/23/06 | 02/23/07 | 1-877-883-2678 |
| Directors & Officers Liability | Travelers Casualty and Surety Co. of America (St Paul Travelers) | 104695597 | 02/23/06 | 02/23/07 | 1-877-883-2678 |
| General Liability – Wrap Up | Arch Specialty Ins. Co. (Non - Admitted) | GAC001348000 | 02/23/06 | 02/23/07 | 1-877-883-2678 |
| Builders Risk | Assurance Company of America (Zurich) | BR63310405 | 02/23/06 | 02/23/07 | 1-877-883-2678 |
| Crime | Travelers Casualty & Surety Company of America | 104735703 | 04/25/2006 | 04/25/2007 | 1-877-883-2678 |

Willis

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

# Barone Capital Fund VII, LLC
## dba Tanamera Condominium Homes

*Client Services*

---

### Willis Certificate Service Center

The Willis Certificate Service Center is a team of dedicated professionals available to process your certificate and automobile identification requests.

Under the Certificate Service Center procedures, we ask you to complete a certificate of insurance and automobile identification request form and submit via e-mail or facsimile to the Center using the information listed below. Upon receipt of the request, the Center will e-mail or fax the required material to the appropriate parties within four hours.

A blank copy of the request form is included for your reference. You can either make copies of this form to distribute in your office, or you can access the form via our Internet site at:

www.willis.com/certificates

**Cert West:**
7:00 a.m. to 7:00 p.m. (Pacific Standard Time)

Phone:          (1-877-559-6769)

Fax:            (1-877-559-6770)

E-mail:  certs@willis.com or autoids@willis.com

Willis

# Barone Capital Fund VII, LLC
## dba Tanamera Condominium Homes

### Client Services

**Instructions for obtaining a certificate of insurance and automobile identification card**

- Certificate of insurance -- Complete the request form (attached) and e-mail or fax to the Willis Service Center.
- Automobile identification card -- Complete the request form (attached) and e-mail or fax to the Willis Service Center.

### Instructions for completing a request form

- Today's date

- Your name

- Phone number -- Please provide a phone number where you can be reached should we have any questions regarding the request

- For division/location -- If the Named Insured to be shown on the certificate of insurance or automobile identification card is different than the account name on the top of the form, let us know by entering it here

- This request has ___ additional pages -- Should you be faxing additional information with this request, enter the number of additional pages

- Certificate holder -- We will issue the certificate of insurance using the name and address entered on the form

- Required coverages -- Indicate which coverages should be certified to the certificate holder

- Limits -- Indicate the amount of coverage you need to certify

- Description -- If this certificate of insurance or automobile identification card is for a specific vehicle or piece of property or equipment, enter the description here

- Issue automobile identification card -- If you require an identification card, please include the state

- Special instructions -- Indicate whether your insurance policy extends coverage to the certificate holder

- Handling instructions -- Indicate how you and the certificate holder want to receive the certificate. To provide the fastest service, we recommend e-mail or fax.

**Willis**

Phone #:  1-877-945-7378     E-Mail : Certificates@Willis.com
FAX #:    1-888-467-2378      E-Mail : Autoids@Willis.com



**Account Name**
**Account #**

Today's Date: _____        Requested by: _____ Phone No. _____

For Division/Location: _____ This request has _____ additional pages

## REQUEST FOR CERTIFICATE OF INSURANCE AND AUTOMOBILE ID

Certificate Holder: _____
Address: _____
City, State, Zip: _____
ATTENTION: _____

|  | | **Limits** |
|---|---|---|

**Required Coverages:**
- ☐ General Liability _____
- ☐ Workers Compensation _____
- ☐ Umbrella _____
- ☐ Automobile Liability (provide description below) _____
- ☐ Automobile Physical Damage (provide description below) _____
- ☐ Property/Contents (provide description below) _____
- ☐ Equipment (provide description below) _____
- ☐ Other: _____ _____

Description: _____
(JOB #/year/make/model/VIN/serial)
- ☐ Additional Insured (☐GL/☐Auto)
- ☐ Loss Payee / ☐ Mortgagee

**Automobile ID cards:**
- ☐ Issue Automobile Identification Card          State _____
  - ☐ Include Automobile Description _____
(year/make/model/VIN# if required)

**Special Instructions**
- ☐ Primary/ ☐ Non-Contributory
- ☐ Waiver of Subrogation (☐GL/☐Auto/☐WC)
- ☐ Cancellation: _____
- ☐ Other: _____

**Handling Instructions**
- ☐ E-mail to Certificate Holder @ _____
- ☐ E-mail to Certificate Requester @ _____
- ☐ FAX to Certificate Holder @ _____
- ☐ FAX to Certificate Requester @ _____
- ☐ Other: _____

Comments: _____
_____
_____
_____
_____

NOTE:  Please include any written request you may have received from others for this Certificate of Insurance and Automobile ID form and advise of any additional requirements, if needed.



# Coverage Summary

Willis

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

## *Named Insureds*

| Named Insureds: |
| --- |
| **Barone Capital Fund VII LLC dba Tanamera Condominium Homes** |
| Barone Capital Fund VII Management LLC |
| Daren Barone – Principal |
| Gary Saterback – Principal |
| John Sanborn – Principal |
| Greg Watkins – Principal |

| Location Address: |
| --- |
| 900 South Meadows Parkway Reno, NV |

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

Willis

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Property Coverage*

| | |
|---|---|
| **Carrier Name:** | Travelers Property Casualty Company of America |
| **AM Best Rating:** | A+  XV |
| **Effective Date:** | 02/23/2006 at 12:01 a.m. standard time, at location of property insured |
| **Expiration Date:** | 02/23/2007 at 12:01 a.m., standard time, at location of property insured |
| **Coinsurance:** | 90% Replacement Cost |
| **Cause of Loss Form:** | Special Form |
| **Coverage:** | Risks of physical loss or damage, subject to terms, conditions, and limitations set forth in the policy |
| **Locations:** | 900 S. Meadows Parkway, Reno NV |

**Limits of Liability:**

| | |
|---|---|
| $50,510,000 | Blanket Buildings |
| $1,030,000 | Blanket Business Personal Property |
| $5,000,000 | Blanket Business Income / Extra Expense |

**Sublimits:**

**Per occurrence unless noted**

| | |
|---|---|
| $25,000 | Accounts Receivable |
| $25,000 | Valuable Papers |

**Deductibles:**

| | |
|---|---|
| $10,000 | Each Occurrence |
| $2,500 | Valuable Papers |
| 72 Hours | Waiting Period - Business Income / Extra Expense |

**Business Income and Extra Expense Coverages (Including but not limited to):**

| | |
|---|---|
| 90 Days | Extended Business Income |

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

Willis

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Property Coverage*

**Additional Coverages and Coverage Extensions (Including but not limited to):**

| | |
|---|---|
| $25,000 | Extra Expense (including Expediting Expenses) |

Newly Acquired or Constructed Property:

| | |
|---|---|
| $2,000,000 at each building | o   Building |
| $1,00,000 in total at each location | o   Business Personal Property, Personal Property of Others, |

| | |
|---|---|
| $25,000 at each described premises | Outdoor Property |

- o   Fences
- o   Retaining walls not attached to a building
- o   Lawns
- o   Trees, Shrubs and Plants
- o   Bridges, Walks, Roadways, Patios, or Paved Surfaces
- o   Radio & TV Antennas

| | |
|---|---|
| $10,000 | Personal Effects and Personal Property of Others, but not more than |
| $100,000 Aggregate | Pollutant Cleanup and Removal |

| | |
|---|---|
| $10,000 | Property In Transit |

| | |
|---|---|
| Included | Theft Damage to Rented Property |
| $25,000 at each described premises | Valuable Papers and Records – Cost or Research |
| Included | Water Damage, Other Liquids, Powder or Molten Material Damage |

**Equipment Breakdown**

| | |
|---|---|
| $25,000 | Spoilage |

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Property Coverage*

| Included | Utility Services |
| $25,000 | Expediting Expense |
| $25,000 | Ammonia Contamination |
| $25,000 | Hazardous Substances |
| $10,000 | Deductible |

**Rating Basis:**                    Per $100 of Value

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

*General Liability Coverage*

**Carrier Name:**          Colony Insurance Company (Non - Admitted)

**AM Best Rating:**        A  VIII

**Effective Date:**        02/23/2006 at 12:01 a.m. standard time,
                           at location of property insured

**Expiration Date:**       02/23/2007 at 12:01 a.m., standard time,
                           at location of property insured

**Form:**                  Occurrence

**Coverage:**              Commercial General Liability, including Bodily Injury and
                           Property Damage Liability, subject to terms, conditions, and
                           limitations of the policy

**Limits of Liability:**

| | |
|---|---|
| $2,000,000 | General Aggregate |
| $2,000,000 | Products/Completed Operations Aggregate |
| $1,000,000 | Personal/Advertising Injury |
| $1,000,000 | Each Occurrence |
| $100,000 | Fire Legal Liability |
| EXCLUDED | Medical Payments |

**Deductible:**

| | |
|---|---|
| $1,000 | Per Claim – Includes Loss Adjustment Expenses & Defense Costs & Applies to both Bodily Injury and Property Damage |

**Coverage Endorsements and Extensions (Including but not limited to):**

- 25% Minimum Earned Premium
- 100% Minimum & Deposit
- Service of Suit
- Deductible Liability Insurance
- Inspection
- Limitation of Coverage to Business Description
- Limitation of Coverage to Designated Premises or Project
- Additional Insured – Condominium Unit Owners

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*General Liability Coverage*

**Notable Exclusions (Including but not limited to):**

- Nuclear Energy Liability Exclusion
- Hazardous Materials Exclusion
- Miscellaneous Exclusion
- Employment Related Practices Exclusion
- Fungi or Bacteria Exclusion
- Exclusion – Coverage C – Medical Payments
- War Liability Exclusion
- Designated Work & Operations Exclusion
  (Under Construction / Renovation Apartments)
- Directors & Officers Liability Exclusion
- Athletic or Sport Participants Exclusion
- Absolute Auto, Aircraft & Watercraft Exclusion
- Employers Liability Total Exclusion

**Non-Admitted Carrier Means:**   This quotation is provided by an insurer that does not possess a Certificate of Authority from the Director of the Arizona Department of Insurance.  If the insurer that issues this policy becomes insolvent, insureds or claimants will not be eligible for Insurance Guaranty Fund Protection pursuant to Arizona Revised Statutes Title 20.

**Minimum Earned Premium Means:**  In the event of cancellation by the insured for any reason, the company will maintain a minimum premium as designated on the quotation.  The minimum is a percentage of the estimated annual premium at inception.

**Minimum & Deposit Premium Means:**  The premium charged at inception is the minimum premium for this policy. Return premiums are not permitted.

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

## *Workers Compensation Coverage*

| | |
|---|---|
| **Carrier Name:** | Employers Insurance Company of Nevada |
| **AM Best Rating:** | A-  IX |
| **Effective Date:** | 02/17/06 at 12:01 a.m. standard time, at location of property insured |
| **Expiration Date:** | 02/17/07 at 12:01 a.m., standard time, at location of property insured |
| **Coverage:** | Injury to Employees, subject to terms, conditions and exclusions of the policy |
| **Other States Insurance:** | Included for incidental exposures except in the monopolistic states of North Dakota, Ohio, Washington, West Virginia and Wyoming. |

**Limits:**

Part I   **Statutory Benefits (NEVADA)**

Part II   **Employers Liability**
$1,000,000   Bodily Injury Each Accident
$1,000,000   Bodily Injury by Disease – Policy Limit
$1,000,000   Bodily Injury by Disease – Each Employee

**Coverage Endorsements and Extensions:**

- 60 Day Notice of Cancellation/Non-Renewal

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

Willis

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Workers Compensation Rating Table(s)*

**Rating Basis:**

| CLASS CODE | CLASSIFICATION | PAYROLL | RATE | PREMIUM |
|---|---|---|---|---|
| 9012 | Building Operation by owner, property managers, clerical | 115,000 | 1.18 | $1,357 |
| 9015 | Building Maintenance | 432,000 | 5.47 | $23,630 |
| | Manual Premium | | | $24,987 |
| | Increased Employers Liability Limits | | 2.80% | $700 |
| | Unmodified Premium | | | $25,687 |
| | Premium Discount | | (5.56%) | ($1,428) |
| | Standard Premium | | | $24,259 |
| | Expense Constant | | | $210 |
| | Foreign Terrorism | | | $146 |
| | **Estimated Annual Premium** | | | **$24,615** |

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.


Willis

**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

## *Excess Liability Coverage*

**Carrier Name:** Colony Insurance Company (Non Admitted)

**AM Best Rating:** A VIII

**Effective Date:** 02/23/2006 at 12:01 a.m. standard time, at location of property insured

**Expiration Date:** 02/23/2007 at 12:01 a.m., standard time, at location of property insured

**Coverage:** Excess Liability Coverage above underlying policies listed subject to all terms, conditions and exclusions of the policy

**Limits of Liability:**

$5,000,000  Per Occurrence
$5,000,000  Aggregate

**Self Insured Retention:**

$0

**Coverage Endorsements and Extensions: (Including but not limited to)**

- 25% Minimum Earned Premium
- 100% Minimum & Deposit Premium
- Cap on Losses from Certified Acts of Terrorism, if accepted
- Schedule of Underlying Insurance
- Service of Suit
- Intercompany Suits
- Amendment of Insuring Agreement - Known Injury or Damage
- Cancellation Endorsement
- Limitation of Coverage to Business Description

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

III-10

**Willis**

**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

*Excess Liability Coverage*

**Notable Exclusions: (Including but not limited to)**

- Hazardous Materials Exclusion
- Employment Related Practices Exclusion
- ERISA Exclusion
- Professional Services Exclusion
- Directors & Officers Liability Exclusion
- Maritime Exclusion
- Nuclear Energy Liability Exclusion (Broad Form)
- Fungi and Bacteria Exclusion
- Subsidence Exclusion
- Aircraft Products and Grounding Exclusion
- War Liability Exclusion
- Care, Custody and Control Exclusion
- Designated Operators Covered by a Consolidated (Wrap Up) Insurance Exclusion
- Designated Work – All Residential Construction Exclusion
- Install, Service or Repair Work Performed by Your Subcontractor Exclusion
- Exterior Insulation & Finish Systems Exclusion
- Products and Completed Operations Exclusion

| Underlying Policies | Carrier | Limit | Effective Dates |
|---|---|---|---|
| General Liability | Colony Insurance Company | $2,000,000<br>$2,000,000<br>$1,000,000 | 02/23/06 - 07 |

**Non-Admitted Carrier Means**:   If this quotation is provided by an insurer that does not possess a Certificate of Authority from the Director of the Arizona Department of Insurance.  If the insurer that issues this policy becomes insolvent, insureds or claimants will not be eligible for Insurance Guaranty Fund Protection pursuant to Arizona Revised Statutes Title 20.

**Minimum Earned Premium Means**: If your Policy has a Minimum Earned Premium, this means that in the event of cancellation by the insured for any reason, the company will maintain a minimum premium as designated on the quotation.  The minimum is a percentage of the estimated annual premium at inception.

**Minimum & Deposit Premium Means**: If your Policy has a Minimum & Deposit Premium, this means that the premium charged at inception is the minimum premium for this policy.  Return premiums are not permitted.

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

 Willis

**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

## *$5M xs $5M Excess Liability Coverage*

**Carrier Name:** Landmark American Insurance Company (Non - Admitted)

**AM Best Rating:** A   X

**Effective Date:** 02/23/2006 at 12:01 a.m. standard time,
at location of property insured

**Expiration Date:** 02/23/2007 at 12:01 a.m., standard time,
at location of property insured

**Coverage:** Excess Liability Coverage above underlying policies listed
subject to all terms, conditions and exclusions of the policy

**Limits of Liability:**

$5,000,000
In the Excess of $5,000,000

**Coverage Endorsements and Extensions: (Including but not limited to)**

- 25% Minimum Earned Premium
- Cap on Losses from Certified Acts of Terrorism
- Schedule of Underlying Insurance
- California Service of Suit
- Spouse or Registered Domestic Partner
- Designated Premises or Project Limitation

**Notable Exclusions: (Including but not limited to)**

- Absolute Asbestos Exclusion
- Discrimination Exclusion
- Products – Completed Operations Hazard Exclusion
- Residential Work Exclusion
- Certified Acts of Terrorism and other Nuclear, Biological or
  Chemical Acts of Terrorism Exclusion
- Uninsured / Underinsured Motorists Exclusion
- War Liability Exclusion

The Insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) In current use by the Insurance company being quoted or proposed.

Willis

**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

## *$5M xs $5M Excess Liability Coverage*

| Underlying Policies | Carrier | Limit | Effective Dates |
|---|---|---|---|
| Excess of Primary General Liability | Colony Insurance Company | $5,000,000 | 02/23/06 - 07 |

**Non-Admitted Carrier Means:**   If this quotation is provided by an insurer that does not possess a Certificate of Authority from the Director of the Arizona Department of Insurance.  If the insurer that issues this policy becomes insolvent, insureds or claimants will not be eligible for Insurance Guaranty Fund Protection pursuant to Arizona Revised Statutes Title 20.

**Minimum Earned Premium Means:** If your Policy has a Minimum Earned Premium, this means that in the event of cancellation by the insured for any reason, the company will maintain a minimum premium as designated on the quotation.  The minimum is a percentage of the estimated annual premium at inception.

**Minimum & Deposit Premium Means:** If your Policy has a Minimum & Deposit Premium, this means that the premium charged at inception is the minimum premium for this policy.  Return premiums are not permitted.

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the Insurance company being quoted or proposed.

Willis

Tanamera Condominium Homes

## *Directors & Officers Liability Coverage*

**Carrier Name:**            Travelers Casualty and Surety Company of America

**AM Best Rating:**          A+  XV

**Effective Date:**          02/23/2006 at 12:01 a.m. standard time,
                             at location of property insured

**Expiration Date:**         02/23/2007 at 12:01 a.m., standard time,
                             at location of property insured

**Limits of Liability:**
              $1,000,000     (Inclusive of Defense Expenses)
                             For Homeowners Association Only
**Retentions:**
                     $0      Non-Indemnified Loss
                 $2,500      Indemnified Loss

**Pending and Prior Dates:**     *2/15/06*


**Coverage Endorsements and Extensions (Including but not limited to):**
- Non-Profit Change Endorsement
- Claims Against Builder / Developer
- Deletion of Amended Operation of Retention Wording
- Terrorism Disclosure Notice

**Notable Exclusions (Including but not limited to):**
- Amended BI/PD Exclusion
- Failure to Maintain Flood & Earthquake Shock Insurance Exclusion
- Nuclear Broad Form Exclusion

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

III-14                                                   **Willis**

**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

## *Wrap Up – General Liability Coverage*

| | |
|---|---|
| **Carrier Name:** | Arch Specialty Insurance Company (Non - Admitted) |
| **AM Best Rating:** | A-  XV |
| **Effective Date:** | 02/28/2006 at 12:01 a.m. standard time, at location of property insured |
| **Expiration Date:** | 02/28/2009 at 12:01 a.m., standard time, at location of property insured |
| **Form:** | Occurrence |
| **Coverage:** | Commercial General Liability, including Bodily Injury and Property Damage Liability, subject to terms, conditions, and limitations of the policy |

**Limits of Liability:**

| | |
|---|---|
| $5,000,000 | Per Occurrence |
| $5,000,000 | General Aggregate |
| $5,000,000 | Products/Completed Operations Aggregate |
| $5,000,000 | Personal/Advertising Injury |

**Deductible:**

| | |
|---|---|
| $50,000 | Each Occurrence, Includes Expense |

**Coverage Endorsements and Extensions (Including but not limited to):**

- 35% Minimum Earned & Deposit Premium
- Claims Handling by Arch
- Defense Included within Policy Limits
- Service of Suit
- Non-Stacking Endorsement
- Limited Blanket Additional Insured Endorsement Deductible Version (Not including Products – Completed Operations)
- Application as Warranty Condition
- Supplementary Payments Reduce the Limits of Insurance: Deductible Policy Endorsement

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

**Willis**

**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

## *Wrap Up – General Liability Coverage*

**Coverage Endorsements and Extensions (Including but not limited to) Continued:**

- Premium Computation Endorsement – Deductible Policy Version I.
- Deductible Liability Endorsement
- Construction Project Endorsement
  **Name of Project:**
    Tanamera Condominiums
  **Description of Project:**
    Conversion of Apartments to condominiums; 440 units, fifty-five buildings, two stories, wood frame    construction. Conversion work limited to: floor coverings, paint, new appliances, and crown molding.
  **Sponsor or Organizer of Project:**
    Daren Barone: Barone Capital Fund VII, LLC.
  **Location of Project:**
    900 S. Meadows Parkway, Reno, NV
- Named Insured Endorsement
- Terrorism Coverage Disclosure Notice.

**Notable Exclusions (Including but not limited to):**

- Cross Liability Exclusion for Products Completed Operations Hazard
- Intellectual Property Exclusion
- Earth Movement or Subsidence Exclusion
- Engineers, Architects or Surveyors Professional Liability Exclusion
- Exterior Insulation and Finish System Exclusion
- Silica Exclusion
- Chromated Cooper Arsenate ("CCA") Exclusion
- Total Pollution Exclusion
- Radon Contamination Exclusion
- Conversion Endorsements – Version I; A. Amendment of Exclusion J; B. Amendment of Exclusion S. C. Designated Additional Insureds
- Contractual Liability Amendatory Endorsement – Products / Completed Operations Exclusion

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

Willis

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Wrap Up – General Liability Coverage*

**Adjustable Rate**

| | |
|---|---|
| $616.67 | Per $1,000 – Construction Costs/Sales |
| $3,000,000 | Estimated Construction Costs/Sales (Excluding land and administrative costs) at inception. |
| Upon Completion of the Project | Audit Period |

**Non-Admitted Carrier Means:**   This quotation is provided by an insurer that does not possess a Certificate of Authority from the Director of the Arizona Department of Insurance.  If the insurer that issues this policy becomes insolvent, insureds or claimants will not be eligible for Insurance Guaranty Fund Protection pursuant to Arizona Revised Statutes Title 20.

**Minimum Earned Premium Means:**  In the event of cancellation by the insured for any reason, the company will maintain a minimum premium as designated on the quotation.  The minimum is a percentage of the estimated annual premium at inception.

**Minimum & Deposit Premium Means:**  The premium charged at inception is the minimum premium for this policy. Return premiums are not permitted.

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

III-17



**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

## *Builders Risk Coverage*

| | |
|---|---|
| Carrier Name: | Zurich American Insurance Company |
| AM Best Rating: | A   XV |
| Effective Date: | 02/23/2006 at 12:01 a.m. standard time, at location of property insured |
| Expiration Date: | 02/23/2007 at 12:01 a.m., standard time, at location of property insured |
| Coverage: | Builders Risk Coverage |

**Limits of Liability:**

$2,200,000

**Deductible:**

$10,000

**Coverage Endorsements and Extensions (Including but not limited to):**

- Nevada Changes – Cancellation and Nonrenewal
- Commercial Inland Marine Coverage Part Quick Reference
- Non – Reporting Endorsement
- Common Policy Conditions
- Commercial Inland Marine Conditions
- Terrorism Disclosure Notice
- Builders Risk Coverage Form
- Nevada Amendatory Endorsement Reporting Provisions
- Development / Subdivision Fences, Walls and/or Signs Coverage
- Nevada Amendatory Endorsements Cancellation

*Rate:*

0.360   Per $100

---

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

**Willis**

*Barone Capital Fund VII, LLC*
*dba Tanamera Condominium Homes*

## *Crime Coverage*

**Carrier Name:**          Travelers Casualty & Surety Company of America

**Effective Date:**        04/25/2006a.m. standard time,
                           at location of property insured

**Expiration Date:**       04/25/207a.m., standard time,
                           at location of property insured

**Coverage:**              Loss of and Damage to covered property, subject to terms,
                           conditions and limitations of the policy.

**Limits of Liability:**

  $500,000    Employee Dishonesty – Homeowners Association Only

**Deductibles:**

  $5,000    Per Occurrence

**Coverage Endorsements and Extensions: (Including But Not Limited To)**
- 60 Day Notice of Cancellation/Non-Renewal
- Extended Discovery Period – 90 Days
- Worldwide Coverage Territory

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.

Willis

# Payment Plan

Willis

Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Payment Plan*

---

| The estimated premium due is **$$2,184,099.34,** which represents all lines of insurance and additional services detailed in this Final Proposal, to be billed as follows: |
| --- |

\*As determined at final time of audit.  Fees or taxes could change due to Federal or State statutes or regulations.

| Coverage | 2005/2006 |
| --- | --- |
| Property | $63,773.00 ① |
| General Liability<br>    Wholesale Fee | * $21,265.92 ②<br>* $260.00 ② |
| Workers Compensation (2/17/06-07) | $24,987.00 ③ |
| Excess Liability ($5,000,000)<br>    Wholesale Fee | * $12,311.52 ②<br>* $1,611.98 ② |
| Directors & Officers Liability | $1,760.00 ④ |
| General Liability – Wrap Up<br>    Wholesale Fee | * $1,872,000.00 ⑤<br>* $65,520.00 ⑤ |
| Builders Risk | $6,820.00 ⑥ |
| Crime | $552.00 ④ |
| Broker Fee | $100,000.00 |
| **Sub Total** | **$2,170,861.42** |
| Terrorism<br>    Property<br>    General Liability<br>    Excess Liability<br>    Excess Liability ($5M xs $5M)<br>    General Liability – Wrap - Up | Included<br>* $1,054.56<br>* $1,231.36<br>* $1,040.00<br>Included |
| **Total** | **$2,174,187.34** |

\*Includes Nevada Surplus Lines Taxes and Lines Fees.

**Company Legend:**

①   The Charter Oak Fire Insurance Company – St.  Paul Travelers
②   Colony Insurance Company (Non - Admitted)
③   Employers Insurance Company of Nevada
④   Travelers Casualty and Surety Company of America (St. Paul Travelers)
⑤   Arch Specialty Insurance Company (Non - Admitted) (Indication Only)
⑥   Zurich
⑦   Landmark American Insurance Company (Non - Admitted)

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

*Premium Summary*

Payment Plan(s):

**Property – St. Paul Travelers**
- Direct Bill; Annual Payment

**General Liability – Colony Insurance Company (Non - Admitted)**
- 25% Minimum Earned Premium
- Agency Bill; Annual Payment

**General Liability – Wrap-Up – Arch Specialty Insurance Company (Non - Admitted)**
- 35% Minimum Earned Premium
- Agency Bill; Annual Payment

**Workers Compensation – Employers Insurance Company of Nevada**
- Direct Bill; 20% Down Payment, $4,925, with 10 Installments of $1,969,

**Directors & Officers Liability – St. Paul Travelers**
- Agency Bill; Annual Payment

**Excess Liability**
- 25% Minimum Earned Premium
- Agency Bill; Annual Payment

Please review the premium payment terms as set forth in this quote proposal. All premium payment terms must be met on time or the insurance carriers will have the right to effect notice of cancellation for non-payment of premium. We will not be responsible for any consequences that may arise from any delay or failure by you to pay us the amount payable by the indicated date.

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.





**Barone Capital Fund VII, LLC**
**dba Tanamera Condominium Homes**

*Subjectivities*

**Subjectivities:**

**Directors & Officers Liability – St. Paul Travelers**
- Quotation is conditioned upon there being no material change in risk between 02/21/06 and the inception date, 03/01/06, of the proposed Coverage.
- Completed Original Travelers Application signed and dated by a Director or Officer, or by the Independent Community Association Manager.
- Most recent Balance Sheet and Income statement or Budget for the Association.

**General Liability – Colony Insurance Company (Non - Admitted)**
- Subject to a favorable inspection and receipt of original application signed and dated.

**Workers Compensation – Employers Insurance Company of Nevada**
- Coverage can not be bound until down Payment of $4,925 is received.

**General Liability – Wrap-Up – Arch Specialty Insurance Company (Non - Admitted)**
- Prior to Binding the following is required:
  - Require a current Balance sheet.
  - A current, fully completed and signed Arch Residential Conversion Application for Insurance. Original Document and original signatures need to be mailed within 7 Days of Binding.
  - Currently valued Company Loss runs from General Contractor from 1999-2006.
  - If Terrorism is rejected, need signed Terrorism document.
  - A letter from Insured and General Contractor stating they will comply with all written loss control recommendations including but not limited to Quality Built, Pacific Property Consultants, DBH Resources, etc.
  - A letter from the General Contactor stating they will not conduct any construction work until they sign the contract with Quality Built.
- **Prior to Binding:** The Insured is required to hire **Pacific Property Consultants or Gafcon** to conduct a pre-inspection survey on EACH building and forward the written report to Arch. Arch underwriter will need to review and approve the report. Arch will not be involved in setting up these services or paying the fees applicable.
  - Contact Information:
    - **Pacific Property Consultants:** Tina Shriver, tshriver@qualitybuilt.com or Fernando Ruiz, fruiz@qualitybuilt.com, or call 800-547-5125
    - **Gafcon:** Jerry Bott, jbott@gafcon.com, 858-200-6344 or Stephen Wilson, swilson@gafcon.com, 619-843-2819.
  - **Non-Compliance with Pacific Property Consultants written recommendations will constitute a material change in exposure and will result in cancellation of policy.**

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*Premium Summary*

**Subjectivities Continued:**

**General Liability – Wrap-Up – Arch Specialty Insurance Company (Non - Admitted)**
- The insured is required to hire and contract with **DBH Resources:**
  - DBH Resources as the administrator for EACH wrap-up project. $12,000 Fee **Per Location** located in California. ($15,000 Outside California, excluding Alaska and Hawaii).
  - DBH Resources to conduct a risk management review (upon binding) and site survey (during construction). $2,000 Fee **Per Location**. ($2,500 Fee outside of California excluding Alaska and Hawaii).
  - A letter from the insured stating they will provide DBH Resources (for review) a copy of the sales contract and disclosures and <u>comply with any recommended changes</u> (if any) made by DBH Resources.
    - Contact: Erik Barker (<u>ebarker@dbhresources.com</u>) 310-398-5697 Ext. 132. Arch Insurance will **not** be involved in setting up these services or paying the fees. Arch required written confirmation from DBH Resources.
  - **Non-Compliance with DBH Resources written recommendations will constitute a material change in exposure and will result in cancellation of policy.**
- The insured is required to hire and contract **Quality Built:**
  - With 15 days of Binding, the insured or the General Contactor is required to sign a contract with Quality Built (<u>www.qualitybuilt.com</u>) for conversion construction services. The contract signed with Quality Built must allow Arch access to all reports.
  - Quality Built will perform an onsite survey once every 60 Days, which will cost $1,700 per visit. Arch Insurance will **not** be involved in setting up these services or paying the fees.
    - Contact Kimberly Gowey (<u>kgowey@qualitybuilt.com</u>) or Beth Michaelis (<u>bmichaelis@qualitybuilt.com</u>) or call 800-547-5125.
  - **Non-Compliance with Quality Built written recommendations will constitute a material change in exposure and will result in cancellation of policy.**

**Excess Liability – Colony Insurance Company (Non Admitted)**
- Signed and dated Application
- Signed Terrorism Risk Disclosure Notice (Attached)

The Insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



Barone Capital Fund VII, LLC
dba Tanamera Condominium Homes

*IMPORTANT – PREMIUM INFORMATION*

General Liability and Automobile premiums are subject to annual audit and adjustment; increases or decreases in annual premium may result. The adjustment will be based upon the rating plan of your policy.

Workers Compensation premiums are subject to annual audit and adjustment; increases or decreases in annual premium may result. The adjustment will be based upon your actual payroll and other variables such as the rules, rates, classification, and experience modification as promulgated by the various state rate bureaus and the Interstate Rate Bureau.

Although Workers Compensation carriers are authorized to issue participating policies, the carrier does not guarantee dividends. Dividends are only payable pursuant to conditions determined by the Board of Directors or other governing board of the insurer following policy expiration. Past dividend performance is no guarantee of an insurer's future dividend performance.

The insurance coverages described herein are subject to the terms, conditions and limitations of the policy(ies) in current use by the insurance company being quoted or proposed.



Willis

V-7

# EXHIBIT "B"



July 7, 2009

KJ Wagner, President & CEO
Willis of Arizona, Inc.
11201 North Tatum Blvd., Suite 300
Phoenix, AZ 85028

Re: Barone Capital Fund VII, LLC dba Tanamera Condominium Homes

Dear Mr. Wagner,

We were informed by our current Risk Management Firm, Lockton Insurance Brokers of Los
Angeles, that a premium of approximately $700,000 was to be paid to Arch for the Tanamera
Project in connection with our wrap insurance policy expiring on 2/28/09.  This came as a
complete surprise to all of us here.  When we paid the premium of nearly $2,000,000 for this wrap
policy with $5M in limits, we were never informed that there would be any additional premium due,
let alone that it could increase by 40%!

We ask that your office look into the placement of this policy to insure a 440 unit condominium
conversion project.  The conversion work we performed was limited to floor coverings, paint, new
appliances, and crown molding, which cost us approximately $4,000,000 in conversion work.

We have since reviewed the Proposal your office prepared and see in the Section entitled
"Important Premium Information" where you inserted that "General Liability and Auto premiums
are subject to annual audit and adjustment; increases or decreases in annual premium may result."
Nowhere in the section does it say anything about the Wrap Up.  In fact, the policy was pre-paid for
the full term.  Someone not familiar with insurance would not have expected to pay an additional
premium of $700,000 as there was no additional exposure.

We were never advised that if we spent more than $3,000,000 on improvement work, we would be
charged additional premium.  We are not insurance experts.  We are real estate developers.  We
relied on Willis as our insurance agents and experts to advise us.  Instead, we spent an additional
$1,000,000 on improvements and were to incur an additional $700,000 in premium.  There was
absolutely no explanation during any meeting that what we spent on improvements to the units
would so severely impact our premium.  As a practical matter, we could have credited the buyers and
allowed the buyers to install the upgrades.  That alone would have saved us $1,000,000 on the
$1,000,000 in work.  No rational businessperson that understood how this policy was drafted or
intended would have accepted the terms provided.

We certainly did not understand what it meant to have a rate of $616.67 per Construction Costs/Sales. Which was it, Construction Costs or Sales? The Proposal did not specify. Was it an "adjustable" rate? Or was that a fixed rate? The Proposal listed a term of 02/23/06 – 02/23/07 in one section and 02/28/2006 -- 02/28/2009. As we are not versed in the way insurance works, we would have expected Willis to provide us with the practical impact of providing a lower than actual improvement cost. From what we now understand, the insurance carrier would not have charged any higher premium if we had stated at the outset that we were going to perform $3,900,000 in work, $5,000,000 in work, or more. We have also learned that it is customary to include a "buffer" in the event that the costs exceed the original amount (which is typical in construction). We were not advised of any of this.

In order to fully assess this placement, we ask that you provide us with all documentation from your files. This should include email correspondence from your office to us and from your office to the Wholesale Broker(s) and insurance underwriters. We also would request that you provide us with the fees that you earned on this account. It looks to be $100,000 fee plus $72,000 in commission equaling $172,000. We would like to confirm this compensation number.

We believe it is fair that we be reimbursed the full amount for the unexpected surcharge. We have been able to get the insurance company to reduce the additional premium by approximately $323,000. This leaves a $423,832 charge. We certainly believe that the entire amount charged *could and should* have been avoided. The insurance company validated our belief. We paid a very large premium at the outset for the coverage obtained, and we would like to discuss why we would be surcharged such an exorbitant amount for something that was not explained, could have been avoided, and not our fault.

Please contact me via e-mail at Damon@TheBaroneGroup.com, or feel free to contact me on my mobile at 619.231.3738 so we can discuss this further.

We look forward to hearing back from you.

Sincerely,

Damon Barone

cc:     Daren Barone
        Greg Watkins

**EXHIBIT C**

# EXHIBIT "C"

08/11/09  13:33 FAX 6158723037          WCC LEGAL                        ☑001

# Willis

**Fax**

Willis North America Inc.
26 Century Blvd.
Nashville, TN 37214

Telephone   615-872-3000
Website     www.willis.com

**To**      Damon Barone [fax: 858/277-9904]

**From**    Kelly J. Smits
            Assistant Vice President & Litigation Counsel
            Direct Line      615-872-3179
            Direct Fax       615-872-3037
            E-mail:  kelly.smits@willis.com

**Date**    August 11, 2009

            No. of Pages:  2 (including cover)


Please see attached correspondence.

# Willis

Telephone: 615-872-3000
Website: www.willis.com

Direct Line: 615-872-3179
Direct Fax: 615-872-3037
E-mail: kelly.smits@willis.com

August 11, 2009

VIA FACSIMILE & U.S. MAIL

Damon Barone [fax: 858/277-9904]
The Barone Group
5776 Ruffin Road
San Diego, CA 92123

Re:  Barone Capital Fund VII, LLC d/b/a Tanamera Condominium Homes

Dear Mr. Barone;

Your letter dated July 7, 2009 to KJ Wagner of Willis of Arizona, Inc. ("Willis") has been forwarded to my attention. Please be advised that I am investigating this matter and will get back to you as soon as I am able to do so. In the meantime, to the extent you have any information or documentation that will aid in my investigation, please forward it to me at the below address.

Thank you.

Sincerely,

*Kelly J. Smits*

Kelly J. Smits
Assistant Vice President & Litigation Counsel

Willis North America Inc
26 Century Blvd.
Nashville, TN 37214.

# EXHIBIT "D"



NICHOLAS P. ROXBOROUGH
DREW E. POMERANCE
GARY A. NYE
MICHAEL B. ADREANI

CRAIG S. PYNES
DAVID R. GINSBURG
MARINA N. VITEK
ERIN M. LABRACHE
MICHAEL L. PHILLIPS
ANTHONY S. KHOURY
BURTON E. FALK
JASON H. GOROWITZ

DAMON M. RIBAKOFF
*(1970-2007)*

LOS ANGELES OFFICE
10866 WILSHIRE BOULEVARD
SUITE 1550
LOS ANGELES, CA 90024
TEL: (310) 470-1869
FAX: (310) 470-9648

5820 CANOGA AVENUE, SUITE 250
WOODLAND HILLS, CA 91367
TEL: (818) 992-9999
FAX: (818) 992-9991

October 8, 2009

Kelly J. Smits
Assistant Vice President & Litigation Counsel
Willis North America
26 Century Blvd.
Nashvill, TN 37214

RE: *Barone Capital Fund VII, LLC dab Tanamera Condominium Homes*

Dear Ms. Smits:

Please be advised that this firm has been retained by The Barone Group ("Barone") in connection with a wrap insurance policy that was placed with Arch Specialty Insurance Company by Willis of Arizona, Inc. Specifically, Barone seeks a response and proposed resolution to the issues raised in its July 7, 2009 letter to Willis (a copy is attached hereto for your review). You apparently replied to this letter on August 11, 2009, stating that you were "investigating the matter" and would get back to Barone as soon as you could. It has now been <u>two months</u> since you sent that letter, and no response has been forthcoming.

As you were made aware back in July, 2009, Arch assessed a premium adjustment as a result of Barone exceeding the amount of the initial project cost estimation in the amount of approximately $700,000. Willis, who represented itself as an advocate for the insured, stated that it was "committed to ensuring that (Barone) receive unparalleled claims assistance." In so doing, however, Willis failed to mention in its 37 page final proposal that this was a distinct possibility.

Willis' omission that the wrap insurance policy was subject to an additional premium adjustment if the costs of the project exceeded the estimate amounts to clear gross negligence. This is especially evident from the fact that Willis disclosed in a section entitled "Important - Premium Information" that the general liability, automobile, and workers' compensation premiums were subject to an annual audit. The fact that the wrap policy was subject to a final audit and fluctuation based on an increase in the cost of the project should obviously have been disclosed in this section as well.

As you probably know, an insurance agent has an "obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." *Jones v. Grewe* (1987) 189 Cal.App.3d 950, 954. The law is well established in California that an agent's failure to deliver the agreed upon coverage may constitute actionable negligence and the proximate cause of an injury. Specifically, when an insurance agent

Kelly J. Smits
Willis North America
October 8, 2009
Page 2

undertakes to prepare an insurance proposal prior to the insured's purchase of the policy, the insurance agent assumes a duty of care to accurately inform the insured of the policy's provisions. *Eddy v. Sharp* (1988) 199 Cal.App.3d 858, 866. An agent will be held to be negligent when he fails to deliver the policy with the terms as described in the proposal. *See Id.*

Accordingly, based on our review and analysis of the documents, Willis undertook a duty to Barone to accurately represent the material terms of the policy. Its negligence resulted in a <u>40% increase</u> in the total premium charged to Barone for the wrap policy. Had Barone known about the potential increase, it would have appropriately sought to reduce its construction costs by offering upgrades and incentives to prospective buyers. In other words, this additional premium would have been easily avoided had Willis made Barone aware of the potential for an increase.

I reiterate Barone's request for a copy of your documentation related to the policies set forth in Willis's Final Proposal (a copy is attached hereto) Further, please provide a full accounting of <u>all</u> direct and indirect fees that Willis earned on this account, which is believed to be in excess of $172,000.

Barone would prefer to avoid litigation of this dispute, but your prior inattention to this matter causes concern. Due to Willis's failure to inform Barone of the terms of the policy, Arch reduced the additional premium due to $323,000, leaving a $423,832 balance due. Barone was forced to pay this amount in order solely to avoid cancellation of the policy. This remaining amount should be reimbursed by Willis.

Please contact the undersigned to discuss a resolution of the potential dispute. If however, I do not hear from you by October 20, 2009, I will assume that Willis has no interest in an amicable resolution and we will be forced to resort to litigation. I am nevertheless hopeful that this can be avoided, but the proverbial ball remains in Willis' court.

Very truly yours,

ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

NICHOLAS P. ROXBOROUGH

NPR/er
Enclosures
File No. 09035.01
cc:     Erin M. LaBrache, Esq.
        Damon Barone
J:\Clients\LOCKTON\Barone Capital Fund VII, LLC\Correspondence\091007.ltr to Smits.doc

**EXHIBIT E**

# EXHIBIT "E"



NICHOLAS P. ROXBOROUGH
DREW E. POMERANCE
GARY A. NYE
MICHAEL B. ADREANI

CRAIG S. PYNES
DAVID R. GINSBURG
MARINA N. VITEK
ERIN M. LABRACHE
MICHAEL L. PHILLIPS
BURTON E. FALK
AVO A. ADOURIAN

*DAMON M. RIBAKOFF*
*(1970-2007)*

5820 CANOGA AVENUE, SUITE 250
WOODLAND HILLS, CA 91367
TEL: (818) 992-9999
FAX: (818) 992-9991

LOS ANGELES OFFICE
10866 WILSHIRE BOULEVARD
SUITE 1550
LOS ANGELES, CA 90024
TEL: (310) 470-1869
FAX: (310) 470-9648

October 22, 2009

*Via Certified Mail*

Kelly J. Smits
Assistant Vice President & Litigation Counsel
Willis North America
26 Century Blvd.
Nashvill, TN 37214

   RE: *Barone Capital Fund VII, LLC dab Tanamera Condominium Homes*

Dear Ms. Smits:

   Seriously?

   Barone wrote to you folks on July 7, 2009 and you assured them that you would get back to them in your August 11, 2009 letter. You did not.

   We were then retained to write to you on this subject. My letter to you of October 8, 2009 asked for a reply by October 20, 2009, two days ago. As of today's date we have not received the courtesy of a response.

   Accordingly, please be advised that if we do not receive a response to the enclosed October 8th letter by the end of this month, we will be left with no alternative but to have all communications dealt with through litigation. This would be a regrettable occurrence, but the record in this case is rather clear- Willis North America is establishing a record of non-responsiveness towards its client, something that is somewhat consistent with the substance of Barone Capital Fund's complaints of Willis during its relationship.

   We will therefore forward our calendar one more time to the end of this month and hopefully Willis North America will have the time to provide a substantive response.

Kelly J. Smits
Willis North America
October 22, 2009
Page 2


Please otherwise guide yourselves accordingly.


Very truly yours,

ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

NICHOLAS P. ROXBOROUGH


NPR/lr
Enclosure
File No. 09035.01
cc:      Erin M. LaBrache, Esq.
         Damon Barone



**R P N A**

**ROXBOROUGH
POMERANCE
NYE & ADREANI**

5820 CANOGA AVENUE, SUITE 250
WOODLAND HILLS, CA 91367
TEL: (818) 992-9999
FAX: (818) 992-9991

October 8, 2009

NICHOLAS P. ROXBOROUGH
DREW E. POMERANCE
GARY A. NYE
MICHAEL B. ADREANI

CRAIG S. PYNES
DAVID R. GINSBURG
MARINA N. VITEK
ERIN M. LABRACHE
MICHAEL L. PHILLIPS
ANTHONY S. KHOURY
BURTON E. FALK
JASON H. GOROWITZ

DAMON M. RIBAKOFF
(1970-2007)

LOS ANGELES OFFICE
10866 WILSHIRE BOULEVARD
SUITE 1550
LOS ANGELES, CA 90024
TEL: (310) 470-1869
FAX: (310) 470-9648

Kelly J. Smits
Assistant Vice President & Litigation Counsel
Willis North America
26 Century Blvd.
Nashvill, TN 37214

RE: *Barone Capital Fund VII, LLC dab Tanamera Condominium Homes*

Dear Ms. Smits:

Please be advised that this firm has been retained by The Barone Group ("Barone") in connection with a wrap insurance policy that was placed with Arch Specialty Insurance Company by Willis of Arizona, Inc. Specifically, Barone seeks a response and proposed resolution to the issues raised in its July 7, 2009 letter to Willis (a copy is attached hereto for your review). You apparently replied to this letter on August 11, 2009, stating that you were "investigating the matter" and would get back to Barone as soon as you could. It has now been <u>two months</u> since you sent that letter, and no response has been forthcoming.

As you were made aware back in July, 2009, Arch assessed a premium adjustment as a result of Barone exceeding the amount of the initial project cost estimation in the amount of approximately $700,000. Willis, who represented itself as an advocate for the insured, stated that it was "committed to ensuring that (Barone) receive unparalleled claims assistance." In so doing, however, Willis failed to mention in its 37 page final proposal that this was a distinct possibility.

Willis' omission that the wrap insurance policy was subject to an additional premium adjustment if the costs of the project exceeded the estimate amounts to clear gross negligence. This is especially evident from the fact that Willis disclosed in a section entitled "Important - Premium Information" that the general liability, automobile, and workers' compensation premiums were subject to an annual audit. The fact that the wrap policy was subject to a final audit and fluctuation based on an increase in the cost of the project should obviously have been disclosed in this section as well.

As you probably know, an insurance agent has an "obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." *Jones v. Grewe* (1987) 189 Cal.App.3d 950, 954. The law is well established in California that an agent's failure to deliver the agreed upon coverage may constitute actionable negligence and the proximate cause of an injury. Specifically, when an insurance agent

Kelly J. Smits
Willis North America
October 8, 2009
Page 2

undertakes to prepare an insurance proposal prior to the insured's purchase of the policy, the insurance agent assumes a duty of care to accurately inform the insured of the policy's provisions. *Eddy v. Sharp* (1988) 199 Cal.App.3d 858, 866.   An agent will be held to be negligent when he fails to deliver the policy with the terms as described in the proposal. *See Id.*

Accordingly, based on our review and analysis of the documents, Willis undertook a duty to Barone to accurately represent the material terms of the policy.  Its negligence resulted in a 40% increase in the total premium charged to Barone for the wrap policy.   Had Barone known about the potential increase, it would have appropriately sought to reduce its construction costs by offering upgrades and incentives to prospective buyers.  In other words, this additional premium would have been easily avoided had Willis made Barone aware of the potential for an increase.

I reiterate Barone's request for a copy of your documentation related to the policies set forth in Willis's Final Proposal (a copy is attached hereto)  Further, please provide a full accounting of all direct and indirect fees that Willis earned on this account, which is believed to be in excess of $172,000.

Barone would prefer to avoid litigation of this dispute, but your prior inattention to this matter causes concern. Due to Willis's failure to inform Barone of the terms of the policy, Arch reduced the additional premium due to $323,000, leaving a $423,832 balance due.  Barone was forced to pay this amount in order solely to avoid cancellation of the policy.  This remaining amount should be reimbursed by Willis.

Please contact the undersigned to discuss a resolution of the potential dispute.   If however, I do not hear from you by October 20, 2009, I will assume that Willis has no interest in an amicable resolution and we will be forced to resort to litigation.  I am nevertheless hopeful that this can be avoided, but the proverbial ball remains in Willis' court.

Very truly yours,

ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

NICHOLAS P. ROXBOROUGH

NPR/er
Enclosures
File No. 09035.01
cc:     Erin M. LaBrache, Esq.
        Damon Barone
J:\Clients\LOCKTON\Barone Capital Fund VII, LLC\Correspondence\091007.ltr to Smits.doc

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provide by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS Barone-Tanamera Condominiums, dba The Resort at Tanamera, a Limited Liability Corp. and Barone-Capital Fund, VII, LLC | DEFENDANTS Willis of Arizona, Inc. |
|---|---|
| (b) County of Residence of First Listed Plaintiff  San Diego, CA <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Maricopa, AZ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) oxborough, Pomerance, Nye & Adreani. LLP 5820 Canoga Ave., uite 250, Woodland Hills, CA 91367 (818) 992-9999 | Attorneys (If Known) |

2010 JAN 19  AM 10: 48

'10 CV 0132BEN    BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury - Med. Malpractice <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☒ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900Appeal of Fee Determinatio Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus - Alien Detainee <br> ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC section 1332(a)(1)
Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $in excess $436,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 1/14/10

SIGNATURE OF ATTORNEY OF RECORD  Erin Tanache

FOR OFFICE USE ONLY

RECEIPT # 9288   AMOUNT $350—   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

CP   MB 01-19-10

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                      Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS009288
Cashier ID: mbain
Transaction Date: 01/19/2010
Payer Name: ROXBOROUGH, POMERANCE, NYE
--------------------------------
CIVIL FILING FEE
 For: BARONE-TANAMERA V WILLIS OF AZ
 Case/Party: D-CAS-3-10-CV-000132-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 13929
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```